1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   JOHNNIE LEE PARHAM,

10        Petitioner,                    Case No. 2:13-cv-01460-JCM-NJK

11   vs.                                 **ORDER**

12   STATE OF NEVADA,

13        Respondents.

14

15        The court directed petitioner to pay the filing fee or to file an application to proceed in forma

16   pauperis.  Order (#2).  Petitioner did both.  The application (#3) is moot because petitioner has paid

17   the fee.  The court has reviewed the petition for a writ of habeas corpus (#1) pursuant to Rule 4 of

18   the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need

19   to show cause why this action should not be dismissed as untimely.

20        Congress has limited the time in which a person can petition for a writ of habeas corpus

21   pursuant to 28 U.S.C. § 2254:

22        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
          person in custody pursuant to the judgment of a State court. The limitation period shall run
23        from the latest of—
          (A) the date on which the judgment became final by the conclusion of direct review or the
24        expiration of the time for seeking such review;
          (B) the date on which the impediment to filing an application created by State action in
25        violation of the Constitution or laws of the United States is removed, if the applicant was
          prevented from filing by such State action;
26        (C) the date on which the constitutional right asserted was initially recognized by the
          Supreme Court, if the right has been newly recognized by the Supreme Court and made
27        retroactively applicable to cases on collateral review; or
          (D) the date on which the factual predicate of the claim or claims presented could have been
28        discovered through the exercise of due diligence.

1   28 U.S.C. § 2244(d)(1).  If the judgment is not appealed, then it becomes final thirty days after

2   entry, when the time to appeal to the Nevada Supreme Court has expired.  See Gonzalez v. Thaler,

3   132 S. Ct. 641, 653-54 (2012).  See also Nev. R. App. P. 4(b).  Any time spent pursuing a properly

4   filed application for state post-conviction review or other collateral review does not count toward

5   this one-year limitation period.  28 U.S.C. § 2244(d)(2).  An untimely state post-conviction petition

6   is not "properly filed" and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S.

7   408, 417 (2005).  The petitioner effectively files a federal petition when he mails it to the court.

8   Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  The court can raise the issue of

9   timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260

10  F.3d 1039, 1043 (9th Cir. 2001).

11          Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645

12  (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

13  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

14  prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).

15          The court takes the following facts from documents attached to the petition and, where cited,

16  the on-line dockets of the Nevada Supreme Court.  In state district court, petitioner pleaded guilty to

17  attempted sexual assault and battery with substantial bodily harm.  The judgment of conviction was

18  entered on September 1, 2011.  An amended judgment of conviction then was entered on March 19,

19  2012.  The amended judgment added two items particular to a person convicted of a sexual crime.

20  First, petitioner would need to serve a special sentence of lifetime supervision upon release from

21  imprisonment, probation, or parole.  Second, before petitioner would be eligible for parole, a panel

22  would need to certify that petitioner does not present not a high risk of re-offending.  Petitioner did

23  not appeal from either the original judgment or the amended judgment.

24          On December 31, 2012, petitioner filed in state district court a motion for modification of

25  his sentence.  The state district court denied the motion in an order entered January 31, 2013.

26  Petitioner did not appeal.

27          On March 15, 2013, petitioner filed in state district court his first post-conviction habeas

28  corpus petition.  The state district court denied the petition.  On November 13, 2013, the Nevada

Supreme Court affirmed the state district court.  The Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. 34.726(1).  Parham v. State, No. 63081.[1]

On August 7, 2013, while the appeal of the denial of the first state habeas corpus petition was pending, petitioner mailed the current federal petition to this court.

Petitioner filed with the Nevada Supreme Court a petition for a writ of habeas corpus, invoking that court's original jurisdiction, on August 13, 2013.  The Nevada Supreme Court denied the petition without reaching the merits on September 18, 2013.  Parham v. State, No. 63805.[2]

Petitioner filed in the state district court his second post-conviction habeas corpus petition on October 13, 2013.  The state district court denied the petition.  Petitioner appealed.  On May 13, 2014, the Nevada Supreme Court affirmed.  The Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. 34.726(1).  Parham v. State, No. 64830.[3]

On its face, the petition is untimely.  For the purposes of this order, the court will assume that the amended judgment of conviction was an intervening, appealable judgment that caused the period of limitation to start.  The thirty-day time to appeal the amended judgment expired on April 18, 2012.  See Nev. R. App. P. 4(b).  When petitioner filed his motion for modification of sentence on December 31, 2012, 257 days had passed.  For the purposes of this order, the court will assume that the sentence-modification motion qualifies for tolling the one-year period of limitation pursuant to 28 U.S.C. § 2244(d)(2).  That tolling ended when the time to appeal the denial of the motion expired on March 4, 2013, taking two non-judicial days of a weekend into account.  Petitioner's first state post-conviction habeas corpus petition, filed on March 15, 2013, does not qualify for tolling because it was untimely, and thus not properly filed.  Pace 544 U.S. at 417.  Consequently, 156 days passed between the end of the sentence-modification proceedings and the mailing of the federal

---

[1]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31264 (report generated May 22, 2014).

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31990 (report generated May 22, 2014).

[3]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33018 (report generated May 22, 2014).

1  habeas corpus petition on August 7, 2013.  A total of 413 non-tolled days have passed since the

2  finality of the amended judgment of conviction, and that exceeds the one-year period of limitation

3  of 28 U.S.C. § 2244(d)(1).[4]

4         IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#3) is

5  **DENIED** as moot.

6         IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

7  of this order to show cause why the court should not dismiss this action as untimely.  Failure to

8  comply with this order will result in the dismissal of this action.

9         IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

10 General for the State of Nevada, as counsel for respondents.

11        IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

12 copy of the petition and this order.  No response is required at this time.

13        DATED:  May 29, 2014.

14

15
                                              _____
16                                            JAMES C. MAHAN
                                              United States District Judge
17

18

19

20

21

22

23

24

25

26  _____

27        [4]This court does not consider the habeas corpus petition invoking the original jurisdiction of
    the Nevada Supreme Court and the second post-conviction habeas corpus petition filed in the state
28  district court.  Both of those petitions were filed after petitioner commenced this action, and they
    have no effect upon the court's calculations.

-4-