# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNIE LEE PARHAM,

    Petitioner,

vs.

STATE OF NEVADA,

    Respondents.

Case No. 2:13-cv-01460-JCM-NJK

**ORDER**

    The court noted that this action appeared to be untimely, and the court directed petitioner to show cause why the action should not be dismissed. Order (#5). Petitioner has submitted a response (#8). The court is not persuaded by petitioner's arguments, and the court dismisses the action.

    Petitioner first argues that the court should not have raised the issue of timeliness on its own motion, and that the court has shifted the burden of proving timeliness onto petitioner. The court already has explained to petitioner that it can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Regarding the burden of proof, this is nothing different than if the respondents filed a motion to dismiss because the petition was untimely. Petitioner would still need to file a response, or the court would construe the lack of response as consent to the granting of the motion. LR 7-2(d).

    Second, petitioner appears to argue that the one-year period of 28 U.S.C. § 2244(d) never started, apparently because the Nevada Supreme Court had not yet issued the remittitur in his second state habeas corpus appeal and because the prosecution can enter amended judgments at any

time. The issuance of remittitur restarts the running of the federal period of limitations, but it does not reset the period. In petitioner's case, the time spent on the second state habeas corpus petition has no effect on the court's calculations of timeliness because petitioner commenced that action after he commenced this action, and because that petition was untimely and ineligible for tolling under § 2244(d)(2). As for the supposed ability of the prosecution to enter amended judgments of conviction at any time, the prosecution has not been entering repeated amended judgments.

Third, petitioner argues that this court should not defer to the Nevada Supreme Court's determination that his state habeas corpus petition was untimely, because the state courts miscalculated the time that ran between entry of the amended judgment of conviction and the filing of petitioner's first state post-conviction habeas corpus petition. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The Nevada Supreme Court used rules of state law for determining whether the amended judgment had any effect on the state's one-year statute of limitation, Nev. Rev. Stat. § 34.726. This court has a similar rule, that the federal one-year period does not begin to run when the original judgment of conviction has been reversed, until the trial court enters an amended judgment. United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000). However, this court did not determine that Colvin actually applied; this court merely assumed that Colvin applied for the purposes of calculating the time that has run, and the court determined that the federal petition still was untimely. Furthermore, even if Colvin actually did apply, it is a rule for construing the federal statute of limitations, and it is not applicable to the state statute of limitations. The Nevada Supreme Court is the ultimate authority on when a state habeas corpus petition is untimely under state law.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

Petitioner has submitted a motion for a status check (#9) regarding his response (#8). This order makes the motion moot.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for a status check (#9) is **DENIED** as moot.

DATED: April 6, 2015.

                                            JAMES C. MAHAN
                                            United States District Judge