1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOHNNIE LEE PARHAM,

     Petitioner,

vs.

STATE OF NEVADA,

     Respondents.

Case No. 2:13-cv-01460-JCM-NJK

**ORDER**

Before the court is a motion for leave to file a next-friend motion (#15). Michael Angelo Drake has filed the motion, asking to appear on behalf of petitioner. Even if Drake could demonstrate that he qualifies as a next friend for petitioner, he still cannot litigate on petitioner's behalf. Drake is not an attorney, and he has no authority to represent anyone other than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). See also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). The court denies this motion.

Attached to the next-friend motion is a motion for relief from judgment. Drake appears to have prepared this motion, but petitioner has signed it, and the court can consider it.

Part B of the motion for relief from judgment contains four arguments that the court made mistakes in its earlier orders. Petitioner first argues that, contrary to the court's statement in its order of May 29, 2014, petitioner did directly appeal the judgment of conviction, and that the outcome of the direct appeal is uncertain. Petitioner points to exhibit 6, district-court minutes dated June 25, 2013. The district court ordered that a couple of motions be taken off calendar because petitioner filed a "direct appeal." Petitioner also points to exhibit 4, a notice of appeal, and exhibit

5, an order of the Nevada Supreme Court directing transmission of the record.  The court takes judicial notice of the on-line docket of the Eighth Judicial District Court in State v. Parham, Case No. C-10-266426-1.[1]  The notice of appeal in exhibit 4, filed on April 17, 2013, is the appeal from the denial of that petition.  Taken in context, the "direct appeal" mentioned in exhibit 6 was actually the appeal from the denial of petitioner's first post-conviction habeas corpus petition.  There was no direct appeal from the judgment of conviction or the amended judgment of conviction.

Next, petitioner again argues that his first state post-conviction petition was timely filed. The Nevada Supreme Court has held that it was untimely, and, as this court has stated already, that is the end of the matter for the effect that the petition had upon the federal period of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Third, petitioner argues that he accidentally sent his federal habeas corpus petition to the Nevada Supreme Court, and thus this court should use the date of mailing to the Nevada Supreme Court for its calculations.  Petitioner points to exhibit 7, a copy of this court's petition form but with the name of this court obliterated and replaced with "To Nevada Supreme Court."  This is not the petition that this court has received.  However, both the petition that this court has received and the petition in exhibit 7 show that they were handed to prison officials for mailing on August 7, 2013. The court used that date in its calculations, and thus exhibit 7 has no effect upon the timeliness of this action.

Fourth, petitioner argues that the court used an incorrect date, September 1, 2011, for the entry of the judgment of conviction, when the correct date should have been March 19, 2012, when the amended judgment of conviction was entered.  The court actually used the date of entry of the amended judgment of conviction in its calculations.  Order, at 3 (#5).

Part C of the motion for relief from judgment contains arguments of equitable tolling. Petitioner made no such arguments in his showing of cause, and he has not explained why. Nonetheless, the court will consider these arguments.  "[A] 'petitioner' is 'entitled to equitable

---

[1]https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7670464 (last visited August 4, 2015).

1   tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

2   extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560

3   U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418).

4          Regarding possible extraordinary circumstances, petitioner has submitted a motion for leave

5   to file mental health documents under seal (#14).  The court will grant the motion, but nothing in

6   those mental health documents indicates that petitioner's mental state prevented him from filing a

7   federal petition on time.  To the contrary, there is an order that petitioner be committed to a mental

8   health facility and be provided treatment to make him competent to proceed with his criminal case.

9   Petitioner has remained in the custody of the state ever since that time, and nothing in the

10  documents indicates that the treatment has stopped.  Consequently, the court finds that no

11  extraordinary circumstances exist, and the court will not examine the issue of diligence.

12         Petitioner next argues that equitable tolling is warranted because his direct appeal from the

13  judgment of conviction never has been decided.  The court has already determined that the "direct

14  appeal" mentioned in the state district court minutes actually was the appeal from the denial of the

15  first state habeas corpus petition, and that petitioner never did appeal the judgment of conviction or

16  the amended judgment of conviction.

17         Finally, petitioner asks the court either for an evidentiary hearing or for a certificate of

18  appealability.  Having determined that petitioner is not entitled to relief from the judgment, the court

19  declines these requests.

20         Petitioner has filed a motion for order to receive full copy of pleadings filed by petitioner

21  (#17).  He asks for copies of the notice of appeal and the post-judgment motions, because the clerk

22  of the court sent petitioner only the first page of each document as proof of filing.  As the court's

23  instructions for filing a habeas corpus petition state, if petitioner wanted the clerk to return him a

24  full file-stamped copy of each document, then he needed to furnish one additional copy to the clerk.

25         IT IS THEREFORE ORDERED that the motion for leave to file mental health documents

26  under seal (#14) is **GRANTED**.

27

28

1         IT IS FURTHER ORDERED that the motion for leave to file a next-friend motion (#15) is

2    **DENIED**.  Nonetheless, the clerk of the court shall file the motion for relief from judgment that is

3    attached to the motion for leave to file a next-friend motion (#15).

4         IT IS FURTHER ORDERED that the motion for relief from judgment is **DENIED**.

5         IT IS FURTHER ORDERED that the motion for order to receive full copy of pleadings filed

6    by petitioner (#17) is **DENIED**.

7         DATED:  August 5, 2015.

8

9

10   JAMES C. MAHAN
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-